The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Richard E. O'Connell, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

    JULIAN KAPLAN,

                      Debtor.
-------------------------------------------------------------------x
RICHARD E. O'CONNELL, as Trustee of the Estate
of Julian Kaplan,

                      Plaintiff,

    -against-

JULIAN KAPLAN,

                      Defendant.
-------------------------------------------------------------------x

Chapter 7

Case No.: 11-46751-ess

Adv. Pro. No. 12-

## COMPLAINT

      Richard E. O'Connell, the chapter 7 trustee and the plaintiff herein (the "Trustee" or the "Plaintiff"), by and through his attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for his complaint (the "Complaint") pursuant to section 727 of title 11 of the United States Code (the "Bankruptcy Code") seeking to deny the discharge of Julian Kaplan, the debtor herein (the "Debtor") and states as follows:

### THE PARTIES

1.      Richard E. O'Connell is the chapter 7 Trustee and the Plaintiff herein.

2.      Julian Kaplan is the Debtor in the chapter 7 case and the Defendant herein.  The Debtor has an address of 2 Bay Club Drive, Apartment 5Z, Bayside, New York 11360.

3.	This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 (b)(1) and (2)(I) and (J).

## JURISDICTIONAL PREDICATE

4.	This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(1), (b)(2)(I) and (J); 11 U.S.C. § 727 (a)(2)(A),(B), (a)(3), (a)(4)(A),(D), and (a)(5); and Bankruptcy Rules 7001 *et. seq.*

5.	In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## STATEMENT OF FACTS

6.	On August 4, 2011 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").

7.	On March 14, 2012, the Court converted the instant case from one under chapter 13 of the Bankruptcy Code, to one under chapter 7 of the Bankruptcy Code.

8.	By Stipulation and Order dated June 11, 2012, the Debtor agreed to extend the Trustee's time to commence an action seeking to deny the Debtor his discharge up to and including August 20, 2012.

9.	By Order dated September 27, 2012, the Trustee's time to commence an action seeking to deny the Debtor his discharge was further extended up to and including November 20, 2012.

10.	Upon information and belief, the Debtor is a former attorney who is currently employed by First American Loan Modification, LLC ("FALM") in the capacity of the

"Modification Director". He has been employed in this capacity for a period of three (3) years.

11. Upon information and belief, FALM maintains offices at 475 Montauk Highway. West Islip, New York 11795.

12. Upon information and belief, FALM is an entity under the control of Neal Mandel ("Mandel").

13. Upon information and belief, Mandel is the "office manager" of Campos, Lazar & Martin, attorneys who maintain offices at 475 Montauk Highway, West Islip, New York 11795.

14. Upon information and belief, Mandel is the owner of Consolidated Properties ("Consolidated") which also maintains offices at 475 Montauk Highway, West Islip, New York 11795.

15. Upon information and belief, Sally Matus ("Matus") is the mother of Mandel, and is the purported mortgagee and holds an alleged security interest in the Debtor's primary residence located at 2 Bay Club Drive, Apartment 5Z, Bayside, New York (the "Bayside Property").

16. Prior to the commencement of the bankruptcy case, the Debtor was the 100% fee owner of the Bayside Property.

17. Upon information and belief, the Debtor granted a security interest in the Bayside Property to Eastern Savings Bank ("Eastern") which security interest was assigned to Apple Bank for Savings ("Apple") as the successor by merger to Eastern.

18. Upon information and belief, on or about July 14, 2003, Apple commenced a foreclosure action against the Debtor seeking to foreclose its interest in the Bayside Property based upon a default of the Debtor.

19. Upon information and belief, on or about March 13, 2007, Consolidated is alleged

to have taken an assignment of the Apple mortgage by paying to Apple the sum of $162,147.12.

20. Upon information and belief, on or about March 13, 2007, Stein & Sheidlower, LLP, counsel to Apple, remitted a check in the sum of $10,000.00 made payable to the Debtor in connection with Apple's assignment of the mortgage to Consolidated.

21. Upon information and belief, the Debtor remitted at least one "mortgage" payment made payable to Matus dated August 31, 2007 in the amount of $269.92.

22. Upon information and belief, and upon a review of the records maintained by the City of New York on ACRIS, Matus did not become the holder of the alleged mortgage until May 2, 2012, when Consolidated, by Campos, Lazar & Martin, as its attorneys, "recorded" an assignment of a mortgage form Consolidated to Matus.

23. On May 2, 2012, the Debtor was employed by FALM, controlled by Mandel.

24. On May 2, 2012, Mandel controlled Consolidated.

25. On May 2, 2012, Campos, Lazar & Martin, was associated with FALM, Mandel and Consolidated.

26. At the time of the filing of the petition, the Debtor knew that Matus was not the mortgagee.

27. At the time of the filing of the petition, the Debtor knew that Consolidated was the alleged holder of the mortgage secured by an interest in the Bayside Property.

28. At the time of the filing of the petition, the Debtor intentionally misrepresented on Schedule "D" that Sally C. Matus, c/o CPG, Inc., 475 Montauk Highway, West Islip, NY 11795, held what the Debtor described as a "First Mortgage (Judgment) Residential Condominium Unit 5-Z at 2 Bay Club Drive, Bayside, New York" in a claim amount of $191,523.56.

29. At the time of the filing of the petition, the Debtor knew that information to be

false and misleading.

30.     At the time of the filing of the petition, the Debtor indicated on Schedule I that he received $2,000.00 per month for "Research and Analysis".

31.     The Debtor has never provided any information regarding the source of the funds. The Debtor has never filed a copy of any pay statement that would provide information regarding the source of these funds.

32.     At the time of the filing of the petition, the Debtor indicated on Schedule I that he received $800.00 per month for "Management".

33.     The Debtor has never provided any information regarding the source of the funds. The Debtor has never filed a copy of any pay statement that would provide information regarding the source of these funds.

34.     The Debtor's Schedule I states that he received net income in the sum of $4,527.72 per month.

35.     The Debtor's Schedule J states that he pays $1,393.23 for rent or home mortgage on a monthly basis.

36.     Upon information and belief, the Debtor did not and has not made any rent or mortgage payments from the time of the filing of the petition. The Debtor intentionally misrepresented this amount at the time of the filing of the petition.

37.     The Debtor's Schedule J states that he pays $610.00 for condo common charges and assessments on a monthly basis.

38.     Upon information and belief, the Debtor did not and has not made any condo common charges from the time the time of the filing of the petition. The Debtor intentionally misrepresented this amount at the time of the filing of the petition.

39. The Debtor's Schedule J states that he had over $1,000.00 per month in disposable income at the time of the filing of the petition.

40. Given the fact that the Debtor did not make any mortgage or rent payment or any condo common charge payment, the Debtor actually has over $3,000.00 per month in disposable income and cannot adequately explain his financial situation.

### AS AND FOR A FIRST CAUSE OF ACTION
### PURSUANT TO 11 U.S.C. § 727(a)(2)(A) AND (B)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "40" as though fully set forth herein.

42. Pursuant to section 727(a)(2)(A) of the Bankruptcy Code, "[t]he court shall grant the debtor a discharge, unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition."

43. Pursuant to section 727(a)(2)(B) of the Bankruptcy Code, "[t]he court shall grant the debtor a discharge, unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed property of the estate, after the date of the filing of the petition."

44. The Debtor utilized his position as an employee of FLAM, with knowledge of the workings of Mandel and Consolidated, to hide an alleged mortgage and conceal the Debtor's property, before filing their bankruptcy petition, with the intent to hinder, delay, and defraud prospective creditors, including the Plaintiff.

45. The Debtor continues to utilize his position to transfer and conceal the property of

the estate with the intent to hinder, delay, and defraud creditors, including the Plaintiff and the Trustee of the estate.

46.   In view of the foregoing, it is respectfully requested that this Court enter an Order denying the Debtor's Chapter 7 discharge under 11 U.S.C. § 727(a)(2)(A) and (B).

**AS AND FOR A SECOND CAUSE OF ACTION**
<u>**PURSUANT TO 11 U.S.C. § 727(a)(3)**</u>

47.   The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "46" as though fully set forth herein.

48.   Pursuant to Section 727 (a)(3) of the Bankruptcy Code "[t]he court shall grant the debtor a discharge, unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case".

49.   Upon information and belief, the Debtors concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including the books and records regarding an alleged mortgage of Matus, such that the Trustee, the Court, creditors and other parties in interest cannot understand the financial condition or business transactions of the Debtor.

50.   Upon information and belief, the act or failure to act by the Debtor, was not justified under all of the circumstances of the case.

51.   The Debtor has not provided any information regarding is alleged salary for Research and Analysis and/or Management.

52.   In view of the foregoing, it is respectfully requested that this Court enter an Order

denying the Debtor's Chapter 7 discharge under 11 U.S.C. § 727(a)(3).

## AS AND FOR A THIRD CAUSE OF ACTION
### PURSUANT TO 11 U.S.C. § 727(a)(4)(A) AND (D)

53.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "52" as though it is fully set forth herein.

54.    Pursuant to Section 727 (a)(4)(A) of the Bankruptcy Code "[t]he court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case ."

55.    Pursuant to Section 727(a)(4)(D) of the Bankruptcy Code "[t]he court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

56.    The Debtor knowingly and fraudulently made a false oath when he signed the Petition and Schedules.

57.    The Debtor knowingly and fraudulently made numerous false oaths during his examination at the 341 meeting of creditors.

58.    The Debtor has continued to withhold information relating to the Debtor's property and financial affairs.

59.    In view of the foregoing, it is respectfully requested that this Court enter an Order denying the Debtor's Chapter 7 discharge under 11 U.S.C. § 727(a)(4)(A) and (D).

## AS AND FOR A FOURTH CAUSE OF ACTION
### PURSUANT TO 11 U.S.C. § 727(a)(5)

60. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though it was fully set forth herein.

61. Pursuant to Section 727 (a)(5) of the Bankruptcy Code, "[t]he court shall grant the debtor a discharge, unless the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

62. The Debtor has failed to explain why, in light of the income received, there continues to be a deficiency of assets to meet the Debtor's liabilities.

63. In view of the foregoing, it is respectfully requested that this Court enter an Order denying the Debtor's Chapter 7 discharge under 11 U.S.C. § 727(a)(5).

**WHEREFORE**, in view of the foregoing, Plaintiff respectfully requests the following relief:

(1) On the First Cause of Action, denial of the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and (B);

(2) On the Second Cause of Action, denial of the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(3);

(3) On the Third Cause of Action, denial of the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(4)(A) and (D);

(4) On the Fourth Cause of Action, denial of the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(5);

(5) such other further and different relief as this Court deems just proper and equitable.

Dated: Huntington, New York
      November 15, 2012

                        The Law Offices of Avrum J. Rosen, PLLC
                        Attorneys for Richard E. O'Connell, Trustee

BY:     <u>S/Fred S. Kantrow</u>
          Fred S. Kantrow
          38 New Street
          Huntington, New York 11743
          631 423 8527
          Fkantrow@avrumrosenlaw.com